## LORBER v. BANKERS TRUST CO. OF DETROIT.

1. BANKRUPTCY — CORPORATE REORGANIZATION — PRESENTATION OF CLAIMS.

Not all claims against a debtor need be brought in the Federal court in corporate reorganization proceedings conducted under bankruptcy act as prosecution of claims in a State court may be permitted by the Federal court even though reorganization proceedings are then pending in latter court (Bankruptcy Act, § 77B).

2. SAME—CORPORATE REORGANIZATION — CLAIMS AGAINST DEBTOR — JURISDICTION OF STATE COURTS—CONTINUANCE.

Pendency of corporate reorganization proceedings under bankruptcy act does not oust a State court of jurisdiction to entertain suit on a claim against a debtor although it may not issue orders or judgments interfering with the administration of the property of the debtor by the Federal court as long as the reorganization proceedings are pending but such reorganization proceedings would be good grounds for continuance in action in State court (Bankruptcy Act, § 77B).

3. SAME—ACTION AGAINST BANKRUPT PENDING CORPORATE REORGANIZATION PROCEEDINGS.

Creditor who brought suit against a debtor in a State court during pendency of corporate reorganization proceedings under bankruptcy act subjected herself to contempt proceedings in the bankruptcy court where leave to bring such suit had not been obtained (Bankruptcy Act, § 77B).

4. DISMISSAL AND NONSUIT—SUIT IN STATE COURT—PENDENCY OF CORPORATE REORGANIZATION PROCEEDINGS IN BANKRUPTCY COURT.

Dismissal of bill in suit against defendant trust company for receivership and accounting as to property in which plaintiff claimed ownership of an interest represented by participation certificates *held*, error where, although defendant was under jurisdiction of Federal court in corporate reorganization proceedings under bankruptcy act at time bill was filed, State court had jurisdiction to entertain instant suit, bankruptcy proceedings had been dismissed at time of hearing on the motion and did not affect property involved as it was not be-

ing administered by the Federal court and all objection to prosecution of the suit had been removed and the question was moot (Bankruptcy Act, § 77B).

5. COSTS—SUIT FILED DURING PENDENCY OF PROCEEDINGS UNDER BANKRUPTCY ACT WITHOUT LEAVE OF COURT.

No costs are allowed plaintiff upon reversal of order dismissing bill, filed against corporate defendant during pendency of corporate reorganization proceedings under bankruptcy act without leave of the Federal court although cause is remanded for pleading where reorganization proceedings had been dismissed at time of hearing on the motion since plaintiff herself was not without fault (Bankruptcy Act, § 77B).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 12, 1938. (Docket No. 74, Calendar No. 39,827.)   Decided June 6, 1938.

Bill by Sarah Lorber against Bankers Trust Company of Detroit to have certain real estate decreed to be property of certificate holders, for appointment of a receiver, for an accounting, and other relief. Motion to dismiss on ground Federal court had exclusive jurisdiction over defendant. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Harris W. Wienner,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann* and *John Conway Cook,* of counsel), for defendant.

BUTZEL, J.   Plaintiff claimed ownership of participation certificates issued by defendant in a $74,000 note and mortgage given to defendant on an apartment building in Detroit, Michigan. The certificates, of which they were a series, assigned an interest in the note and mortgage and irrevocably appointed defendant as plaintiff's agent to collect, receive and receipt for all sums upon the mortgage and its ac-

companying note as they matured, and upon the full payment to discharge the mortgage; to collect and adjust all claims for loss or damage by fire; to exercise all privileges and options of the mortgagee; and to institute all legal and equitable suits necessary to carry out the authority granted defendant. Defendant, in turn, agreed to cause the mortgagor to maintain fire insurance, pay taxes and agreed to hold the mortgage and note separate and apart upon its books for the benefit of all participation certificate holders. It further agreed to pay the holder the principal amount of the certificates as and when the amount was collected from the note and mortgage, but in any event, within 18 months after demand by the holder made to the defendant subsequent to the due date of the principal as fixed by the corresponding maturity date of the instalment of the mortgage.

On or about January 23, 1933, an involuntary petition in bankruptcy was filed against defendant by three of its alleged creditors. On November 7, 1934, defendant filed a petition for reorganization under bankruptcy act, § 77B (11 USCA, § 207). On December 8, 1934, the district court found that the petition for reorganization was filed in good faith and ordered that the cause thereafter be entitled:

"In the district court of the United States for the eastern district of Michigan, southern division; In the matter of Bankers Trust Company of Detroit, a corporation, debtor; In the proceedings for the reorganization of a corporation."

The court entered an order permitting the debtor to retain possession of its property during the proceedings. John P. O'Hara was designated the direct representative of the court, with power and authority to scrutinize and supervise the business of the

debtor and to report all of the transactions and operations to the court. The court also enjoined all creditors and stockholders and all persons claiming or acting by or through them from instituting or prosecuting any action at law or suit or proceeding in equity against the debtor in any court or before any tribunal.

On March 27, 1937, plaintiff filed her bill of complaint setting forth the participation certificates held by her and alleging that neither principal nor interest had been paid; that defendant had foreclosed the mortgage and on December 3, 1931, had purchased the property on foreclosure sale; that the premises are now held by defendant solely for the benefit of the certificate holders and that it belongs to them; that plaintiff, as a holder of certificates, was the owner of a 1/19 interest in the property; that it consists of a large apartment building and cannot be partitioned except by sale and division of the proceeds; and that defendant was only a trustee and acting as a representative and fiduciary in the control and management of the property for the benefit of the certificate holders. Plaintiff claimed that defendant had breached its duties in that it was guilty of fraud in the sale of the certificates when it guaranteed to pay the principal and interest, knowing that such undertaking was *ultra vires;* that defendant did negligently, wrongfully and without authority buy the property on foreclosure at an excessive price; that the company did not notify the holders of participation certificates of the time and place of the foreclosure sale; that defendant usurped the management of the property and failed to operate it in a careful and prudent manner with the result that none of the income from the property was used for the payment of the interest and principal of the participation certificates; and that it has

intentionally deceived the holders of the certificates as to the value of the property and its condition. Plaintiff asked that the court decree that she and the other participation holders be decreed to be the owners of the premises and that it be sold and the proceeds divided; that the defendant be removed and a receiver be appointed, and further, that an accounting be had between the certificate holders and the defendant, and that she be given such other equitable relief as the court deems just. It is not clear whether or not plaintiff seeks a money judgment against defendant in its individual capacity, although the usual purpose of an accounting on account of fraud is to secure a money decree.

On April 9, 1937, defendant moved to dismiss the bill, claiming that the court lacked jurisdiction because of the pendency of the section 77B proceedings under which the United States district court had sole and exclusive jurisdiction over the debtor and under which such court had restrained all proceedings against the debtor, without leave of the court. No such leave was ever granted plaintiff.

On May 22, 1937, plaintiff filed an affidavit in opposition to the motion claiming that the action was commenced against defendant not in its individual capacity, but purely as trustee; that the property involved was not the property of defendant and had not been administered under section 77B proceedings; that the claims of the three petitioning creditors were disallowed, and therefore, the proceedings under section 77B were null and void. Plaintiff's final claim was that the section 77B proceedings had terminated. On April 12, 1937, an order had been entered in the United States district court approving the consummation of the plan of reorganization and discharging the debtor from all dischargeable debts, claims and liabilities of every

kind and nature, and terminating all rights and interests of the old stockholders in the debtor, except the right to receive new stock as provided for in the final reorganization plan. It again restrained and enjoined the commencement of any suits or any other proceedings. It further returned all assets, credits and property to defendant herein.

On October 7, 1937, almost six months after the final order under section 77B, the circuit court in the instant case granted the motion to dismiss because suit had been brought at a time while an injunction in the reorganization proceedings was still pending. Plaintiff appeals.

Under bankruptcy act, § 77B, subsection (a), the Federal court is given "exclusive jurisdiction of the debtor and its property wherever located." This provision has been interpreted by the Federal court not to mean that all claims against the debtor must be brought in the reorganization proceedings in the Federal court. *In re Prudence Bonds Corp.,* 75 Fed. (2d) 262. On the contrary, the Federal court may permit certain litigation in the State court even though proceedings under section 77B are pending. *Foust* v. *Munson Steamship Lines,* 299 U. S. 77 (57 Sup. Ct. 90); *In re Sentinel Oil Co.,* 12 Fed. Supp. 294. Since the Federal court may permit actions against the debtor in a State court, it cannot be said that the bankruptcy act deprives the State court of *jurisdiction.* While the State court has no power to issue orders or judgments interfering with the administration of the property of the debtor by the Federal court as long as the section 77B proceedings are pending, nevertheless it does have jurisdiction to entertain suit.

The injunction against suit issued by the Federal court could not deprive the State court of jurisdiction, but rather constituted good grounds for grant-

ing a continuance. *Geddis* v. *Wayne Circuit Judge,* 151 Mich. 122; *Hulan* v. *Wayne Circuit Judge,* 159 Mich. 605. By bringing this action while the injunction was in force, plaintiff subjected herself to contempt proceedings in the bankruptcy court. At the time of the hearing on the motion to dismiss, the final order of the Federal court had been entered. Defendant concedes that under that final order, there was no longer any objection to the filing of a bill by plaintiff. Therefore, since the court originally had jurisdiction to entertain a bill, and since at the time of the hearing all objection to prosecution of the suit had been removed, the question at that time had become moot and the circuit court should have overruled the motion. A somewhat similar question was raised in the case of *Van Heukelom* v. *Black Hawk Hotels Corp.,* 222 Iowa, 1033 (270 N. W. 16). In that case, as in this, an action was brought against the debtor in a State court while section 77B proceedings were pending. The trial court refused to abate the action and the debtor appealed. Pending appeal, the Federal injunction against suit was modified to permit prosecution of the action in the State court. The Supreme Court of Iowa held that the question thereupon became moot and the action would not be dismissed.

Plaintiff shall have 15 days in which to file an amended bill of complaint, if she so elects. Defendant shall have an additional 15 days in which to plead to the original bill or an amended bill after one is filed. The order of the trial court is reversed but without costs to either party in either court, plaintiff not being without fault in the premises.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.