## HARTOUGH *v.* SAFEWAY LINES, INC.

1. BANKRUPTCY—CONSENT TO SUE—JUDGMENT IN TORT.

   The validity of a judgment in an action in a State court is not affected by fact that plaintiff and his attorneys may have been guilty of contempt in not first obtaining modification of Federal court's restraining order as to actions against defendant tortfeasor, a corporation then being reorganized under bankruptcy act (Bankruptcy Act, § 77B).

2. CARRIERS—MOTORBUSES—PASSENGERS—NUISANCE—REMOVAL.

   A passenger who so interferes with other passengers on a motorbus as to make a nuisance of himself may be required by the driver to leave the bus and, upon refusal, be removed by sufficient force to overcome resistance.

3. DAMAGES—HEAD AND ARM INJURIES—EXCESSIVE VERDICT—NEW TRIAL.

   Verdict of $16,000 for one who had been hospitalized for six weeks for head contusion, transverse fracture of the humerus at the juncture of the medial and lower parts of left arm, and a comminuted fracture of right elbow, resulting in almost permanent deformities, because of alleged wilful and wanton misconduct of driver on bus on which plaintiff was a passenger *held,* so excessive as to require reversal with a new trial, rather than reduction with permission to plaintiff to accede thereto.

4. SAME—EXCESSIVE VERDICT—REMITTITUR—NEW TRIAL.

   Although Supreme Court is loath to disturb assessment of damages in a personal injury case, where it is apparent that the bulk thereof is prospective and the verdict appears excessive, it is either reduced, when possible, and plaintiff allowed to accede thereto, or a new trial is granted.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 5, 1938. (Docket No. 38, Calendar No. 40,216.) Decided April 4, 1939. Submitted on rehearing October 3, 1939. Decided on rehearing November 9, 1939. See opinions, *post,* 703.

Case by William C. Hartough against Safeway Lines, Inc., an Indiana corporation, and another for personal injuries sustained when he was ejected from defendant's bus. Judgment for plaintiff. Defendant corporation appeals. Reversed and new trial granted. Affirmed conditionally on rehearing.

*Brownson, Murray & Marco,* for plaintiff.

*Mason, Davidson & Mansfield,* for defendant.

WIEST, J. In October, 1936, plaintiff brought this action in the Wayne circuit against defendants to recover damages for personal injuries occasioned him by the alleged wilful and wanton misconduct of the driver of defendant's bus upon which he was a passenger.

About 11 o'clock, the night of March 9, 1936, plaintiff boarded a passenger bus of defendant corporation at Toledo and paid his fare to be transported to the city of Detroit. He had been drinking, was somewhat garrulous, moved about from seat to seat, and had a slight altercation with another passenger. The driver stopped the bus out in the country and ejected plaintiff, leaving him by the roadside several miles from the nearest town. An auto came along after a time, picked up plaintiff and carried him to a police station, and from there he was taken to a hospital where his injuries were ascertained and treated to some extent.

The Safeway Lines, Inc., an Indiana corporation, after this suit was brought against it and issue joined, in November, 1937, filed a petition in the United States district court for the northern district of Indiana to effect a plan of reorganization in accordance with the provisions of section 77B of the bankruptcy act (11 USCA, § 207). The Fed-

eral district court found the petition in accordance with section 77B, and entered an order restraining— "all creditors * * * and their respective attorneys, * * * and all other persons, * * * from instituting, prosecuting or continuing any action at law or suit or proceeding in equity against the debtor in any court, * * * and from doing any act or thing whatsoever * * * or to interfere in any manner * * * with the exclusive jurisdiction of this court over the debtor and its property."

The proceeding in the Federal court and the restraining order were called to the attention of plaintiff's attorney and the trial court, but without avail, and the trial proceeded and resulted in a verdict of $16,000 in favor of plaintiff.

We observe that the course of orderly procedure called for application to the Federal court for modification of the restraining order, which undoubtedly would have been granted to the extent of letting the trial proceed but, in case of judgment, there should be no seizure of property of the bankrupt in the custody of that court. The Federal court, very properly, did not enjoin the circuit court; the power of the State court to proceed was clear, and contempt, if any, by plaintiff and his attorneys, does not affect the validity of the judgment rendered. *Lorber* v. *Bankers Trust Co. of Detroit,* 284 Mich. 614.

If plaintiff interfered with other passengers and made a nuisance of himself, the driver had a right to require him to leave the bus by requesting him to leave and, upon refusal, to remove him and, in case of resistance, to employ suitable means and sufficient force to overcome resistance.

Plaintiff sustained a head contusion, but no injuries to his back, chest, or his legs. He had a trans-

verse fracture of the humerus at the juncture of the medial and lower parts of his left arm, and a comminuted fracture of his right elbow. He was in the hospital about six weeks, and the doctor who attended him there and was a witness at the trial testified that plaintiff has deformities of both arms and he believed they would be almost permanent.

Plaintiff claims that he suffered great pain, and the injuries have left him in a nervous state and have lessened his ability to perform his former work.

Defendants claim the damages awarded are excessive, considering the evidence, the nature and extent of plaintiff's claimed injuries, expenses entailed thereby, loss of earnings, pain and suffering, and permanent disability, if any.

An examination of the record is persuasive that the damages are excessive. We are loath to disturb an assessment in such a case as this but, where it is apparent that the bulk thereof is prospective, we must exercise this proper subject of review when presented and, if the damages appear to be excessive or arbitrary and unreasonable, we should either reduce the same, when this is possible, and permit plaintiff to accede thereto, or grant a new trial.

We do not consider this an instance for reducing the damages by order of this court, and the judgment is reversed and a new trial granted, with costs to defendants.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.

See opinions on rehearing, *post*, 703.