REX OIL & GAS COMPANY *v.* DEANE.

1. BANKRUPTCY—JURISDICTION.
   The bankruptcy court has exclusive jurisdiction of a claim against the estate of the bankrupt where claim was in existence on date of the filing of the petition in bankruptcy (11 USCA, §§ 11, 93).

2. SAME—LIQUIDATION OF CLAIMS—CONSENT OF COURT.
   Proceedings for the liquidation of claims against the estate of a bankrupt have no binding effect upon the bankruptcy court where proceedings are had without that court's consent (11 USCA, §§ 11, 93).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3]  6 Am Jur, Bankruptcy, § 53.
[2]  6 Am Jur, Bankruptcy, § 410.
[3]  6 Am Jur, Bankruptcy, § 429.
[4]  6 Am Jur, Bankruptcy, § 64.

3. SAME—JURISDICTION—LIQUIDATION OF CLAIMS.

Claim for interest on deposit of fund in escrow, which fund plaintiff later recovered because title of property of vendor, now bankrupt, was not merchantable, was not determinable in State court where such claim was in existence at time petition in bankruptcy was filed and the dates and interest rates are agreed to, a multiplication problem only being presented (11 USCA, §§ 11[2], 93).

4. SAME—JURISDICTION—GENERAL APPEARANCE.

Filing of general appearance by trustee in bankruptcy in action by claimant in State court for interest on fund claimant had deposited in escrow did not confer jurisdiction over subject matter that was wholly within bankruptcy court's jurisdiction, although it may have constituted a waiver of objection as to jurisdiction over the person of the trustee (11 USCA, § 11[2]).

Appeal from Montcalm; Davis (Morris K.), J. Submitted December 14, 1950. (Docket No. 89, Calendar No. 44,920.) Decided March 1, 1951.

Action by Rex Oil & Gas Company, a Michigan corporation, against Frank G. Deane, trustee in bankruptcy for Metzger's, Inc., for interest on money left in escrow. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Street & Sorensen,* for plaintiff.

*McCobb, Heaney & Dunn,* for defendant.

BUTZEL, J. The plaintiff, Rex Oil & Gas Company, herein referred to as Rex, has appealed from an order by the circuit court dismissing, for lack of jurisdiction, a claim against the trustee of the estate of Metzger's, Inc., a bankrupt.

In September of 1945, an agreement was entered into between an agent of Rex and Metzger's, Inc. Rex deposited $4,100 and Metzger's deposited warranty deeds to certain property with the Commercial

State Savings Bank of Greenville, Michigan, as escrow agent. The agreement provided that if, upon examination, Rex found that the titles were not merchantable, it could request that the escrow agent return its money. On November 1st, Rex informed Metzger's and the bank that the titles were not satisfactory, and requested that its money be returned. Five days later Metzger's went into bankruptcy and very shortly thereafter the district court enjoined Rex for the time from taking any action to repossess itself of the $4,100 held by the bank.

The matter thus rested until July 29, 1947, when the bankruptcy court ordered:

"That Frank G. Deane, trustee, on or before 30 days from the date of this order institute such proceedings as his counsel shall advise necessary and proper to determine the interest of said Frank G. Deane, trustee, in and to the sum of $4,100 now on deposit with the Commercial State Savings Bank of Greenville, Michigan, and in and to a parcel of real estate with respect to which said deposit has been made."

This order will be found in the record of *Deane* v. *Rex Oil & Gas Company,* 325 Mich 625.

Pursuant to this order the trustee began an action in the circuit court of Lake county for $4,100 and interest against Rex, and the escrow agent. In its pleadings, Rex also asked for the $4,100 and interest. The trial court found that the title offered by Metzger's was not merchantable and decreed that Rex was to have the money, and that the deeds were to be returned to the bankrupt's estate. The question of interest was expressly not decided, without prejudice to any further action to determine Rex's right to the interest on the $4,100. The decree was affirmed in *Deane* v. *Rex Oil & Gas Co., supra.* The question of interest on the $4,100 was not raised on appeal,

the appellee not having taken a cross appeal on the trial court's refusal to rule upon it.

On April 27, 1950, Rex began an action to recover $810 or thereabouts as interest on the money that had been held in escrow. The trustee filed a general appearance, and shortly thereafter moved to dismiss for want of jurisdiction. The motion was granted and the instant appeal followed.

The question before us is solely one of jurisdiction, and we are not called upon to decide whether Rex has any right to claim interest for the money held in escrow, as against defendant trustee or the bankrupt's estate.

This claim against the estate of the bankrupt was in existence on the date of the filing of the petition in bankruptcy and comes within the bankruptcy court's exclusive jurisdiction over the disposition of the bankrupt's estate. 11 USCA, §§ 11, 93; *United States Fidelity & Guaranty Co.* v. *Bray,* 225 US 205 (32 S Ct 620, 56 L ed 1055).

This statement of elementary law would seem to conclude the controversy, for the bankruptcy court has not given the plaintiff permission to bring this suit. The plaintiff contends, however, that this is not a claim against the estate of the bankrupt, but merely an attempt to liquidate the claim prior to its presentation to the bankruptcy court, citing *Chicago Title & Trust Co.* v. *Fox Theatres Corp.,* 69 F2d 60 (91 ALR 991); and *Robinson* v. *Trustees of N. Y., N. H. & H. R. Co.,* 318 Mass 121 (60 NE2d 593), in support of its position.

Both the *Fox* and the *Robinson Cases* present claims against an estate in receivership, in which courts other than the receivership court were allowed to liquidate claims without consent. However, the *Fox Case* is an ordinary equity receivership, and the court did not consider the bankruptcy act in reaching its decision. The *Robinson Case* presented the reor-

ganization of a railroad in interstate commerce under chapter 8 of the bankruptcy act* and proceedings under that chapter more closely resemble an equity reorganization than a simple bankruptcy. Moreover, there is some doubt as to the correctness of the *Robinson* decision in view of *In re Paramount Publix Corp.*, 85 F2d 42 (106 ALR 1116).

In simple bankruptcy proceedings the liquidation of claims is governed by section 57d of the Bankruptcy Act.† This section provides:

"That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated *in the manner* (emphasis added) and within the time directed by the court."

The cases are in accord that proceedings without the consent of the bankruptcy court have no binding effect upon the bankruptcy court. See 106 ALR 1121 for a discussion and citation of authorities on the entire question.

The appellant relies on *Lorber* v. *Bankers Trust Co. of Detroit*, 284 Mich 614. That case is distinquishable from the instant case on its facts. The *Lorber Case* concerned property in which the defendant bankrupt was not the owner, but merely the agent and trustee under certificates of interest issued to former bondholders. By its nature the claim of the plaintiff against this property was not extinguished by the reorganization proceedings. When the case appeared before us, the reorganization proceedings had terminated, and the question of Federal jurisdiction had become moot. Under these circumstances, the efficient administration of justice demanded that the State court assert its jurisdiction.

However, the instant claim will be extinguished by the pending bankruptcy, and the bankruptcy court

---

* 11 USCA, chap 8.
† 11 USCA, § 93.

retains jurisdiction at this time. There can be no purpose served by an assumption of jurisdiction by the State courts under these circumstances, or a continuation as was suggested in *Lorber* v. *Bankers Trust Co. of Detroit, supra.*

Moreover, it would be doubtful if the appellant would have any standing in the State courts even if the foregoing were not true. A claim for interest, when both the dates and interest rates are agreed to, presents a multiplication problem only. The appellant's sole reason for bringing this suit is to establish a claim against the estate, and this cannot be done without the consent of the bankruptcy court. 11 USCA, § 11(2).

The appellant also argues that by filing a general appearance, the trustee has waived any objection as to the circuit court's lack of jurisdiction. This may be true as to the court's jurisdiction over the person of the trustee, but not jurisdiction over the subject matter which is wholly within the bankruptcy court's jurisdiction and, therefore, the appearance is not controlling. *Isaacs* v. *Hobbs Tie & Timber Co.*, 282 US 734 (51 S Ct 270, 75 L ed 645); *Chicago R. I. & P. R. Co.* v. *City of Owatonna* (CCA), 120 F2d 226.

The order of the trial court is affirmed, with costs to the appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.