## Zimmerman v. Automotive Service, Inc., et al.

584

*Body, Muth, Rhoda & Stoudt,* for plaintiff.
*George B. Balmer,* for defendant.
*Moss, Rieser & Bingaman,* for garnishee.

MAYS, P. J., December 11, 1952.—It appears from the reading of the petition and answer that by order of the United States District Court for the District of Maryland, dated July 3, 1951, Charles M. Lake, of the City of Baltimore, was appointed a trustee of the estate of Automotive Service of Reading, Inc., under the provisions of chapter X of the Bankruptcy Act of the United States, and the petition for the reorganization of Automotive Service of Reading, Inc., was approved.

This order contained an injunction enjoining and staying creditors, stockholders, etc., from commencing or continuing any action at law or from executing or issuing or causing the execution or issuance out of any court of any writ, process, etc., and from doing any act or thing whatsoever to interfere with the possession or management by the debtor or the trustee.

Mabel Ada Zimmerman, on May 7, 1952, caused to be entered in the office of the Prothonotary of Berks County, a judgment to April term, 1952, J. D., no. 330, in the amount of $1,339.67.

Mabel Ada Zimmerman, on May 15, 1952, caused a writ of fieri facias on said judgment to issue to June term, 1952, E. D., no. 5,

Mabel Ada Zimmerman, on May 16, 1952, caused a writ of attachment execution to issue on the above-mentioned judgment to June term, 1952, no. 50, and June term, 1952, E. D., no. 6, and caused said writ to be served upon Automotive Service and Berks County Trust Company, as garnishee, by the Sheriff of Berks County.

On September 8, 1952, Charles M. Lake, trustee of Automotive Service of Reading, Inc., presented his petition to this court, asking for a rule directed to Mabel Ada Zimmerman and to the Sheriff of Berks County, "to show cause why said judgment should not be stricken off from the record or opened, why said writ of fieri facias should not be quashed and why said writ of attachment execution should not be quashed," alleging as a reason therefor, that the entry of the judgment and the issuing of the various writs was in violation of the aforesaid order of the United States district court.

The answer denies that what was done was illegal and avers that in the absence of any facts showing interference with the administration of the property of defendant by the Federal courts, that this court has not been deprived of jurisdiction and "that there exists no lawful warrant or authority to enjoin plaintiff from proceeding with her execution, nor does there exist any legal authority why the said judgment should be stricken from the record and the execution quashed."

Plaintiff relies on two cases: Lorber v. The Bankers Trust Co., 284 Michigan 614, 280 N. W. 67; and Foust, Admr., v. Munson Steamship Lines, 299 U. S. 77. It is urged that these cases support her contention that because there was no show of interference with the administration of the property of the debtor, this court had jurisdiction to entertain a suit against the debtor.

The first case has no application. In Rex Oil & Gas

Co. v. Deane, 330 Mich. 43, 46 N. W. 2d 596, Lorber v. The Bankers Trust Co. has been distinguished.

It appears in the Foust case that the administrator of Coy E. Foust who had commenced an action at law and after defendant filed its petition for a reorganization, petitioned the district court for leave to prosecute his suit. The Supreme Court concluded that the refusal was an abuse of discretion, stating at p. 87:

"There is nothing in the record to warrant a finding that liquidation of petitioner's claim by trial of his pending action at law would hinder, burden, delay or be at all inconsistent with the pending corporate reorganization. . . . Injunction against that method of establishing the debtor's liability, if any there is, ought not to stand."

Plaintiff in this case could well have asked for like permission and probably if there were no evidence that the pending action would hinder, delay or be inconsistent with the reorganization proceeding, permission to proceed might well have been granted.

In Ex Parte Baldwin et al., 291 U. S. 610, 78 L. Ed. 1020, the United States Supreme Court denied an original petition for a writ of mandamus to compel a Federal court to take jurisdiction on a petition for removal of a suit instituted in a State court and for staying of the suit in the State court. The Supreme Court held: ". . . the bankruptcy court might, in the exercise of its discretion, conclude that it is desirable to have the litigation proceed in the state court." The court in re Missouri Gas and Electric Service Co., 11 F. Supp. 434, stated that what was said by the Supreme Court in the Baldwin case should not be disregarded, but should be considered an "admonition" to both the bench and the bar that this new act was broad enough to permit such a procedure, and that: "It could not have been the object of the Congress to

deny to such claimants the right to press their claims and have no influence in the reorganization."

The judgment as entered is one that is not absolutely void. In determining the status of such a judgment, it may be necessary to make certain findings of fact. If the Automotive Service be insolvent, and should be so adjudicated, then we would have the result that plaintiff could not proceed against the assets of the bankrupt estate so as to gain preference. If, however, it should be established that the Automotive Service is solvent, we may have a different result.

Manifestly, the obligation of the Automotive Service is a valid one and this is not controverted. Whether it could become a lien, say for instance, on real estate, that would only come about when it was properly entered of record. If it should be determined by the appropriate court that there was no insolvency, then a lien thus acquired by entry upon the court records would give claimant a lien which would be a valuable incident to the obligation.

If we were to now strike off this judgment, the life would be taken out of it. See Exler v. American Box Company, 226 Pa. 384, 388.

The trustee stands upon what he alleges is his legal right under the Bankruptcy Act to have the lien of the judgment wiped out because of a proceeding under 77B. In the state of the record, we cannot now conclude in his favor. As already pointed out, other matters could well concern us in determining whether or not the judgment entered should be voided. On the mere allegations in the petition and answer, to now strike down this judgment might well be erroneous and work a hardship upon plaintiff. Whether the judgment is good or bad, we need not now decide. It is sufficient that we will stay the proceedings. So to do will protect the rights of the Automotive Service

of Reading, Inc., and will not in any way affect the proceeding under 77B.

We need not now quash the fieri facias and the attachment execution but to stay the proceeding becomes imperative. Our failure so to do would certainly justify the court of bankruptcy in exercising its power to order such a stay. This, however, would not divest this court of jurisdiction over the case and, in either event, whether the stay is granted here or in the bankruptcy court, it would only be a suspension of proceedings until the question of the alleged bankruptcy as charged would be determined in the United States court sitting in bankruptcy. After the determination of that question in that court, the court in which the matter is pending could proceed as the circumstances may require.

If there is no adjudication of bankruptcy or if after a bankruptcy proceeding the discharge is refused, plaintiff certainly should be allowed to proceed. This would be in the interest of justice. See Hill v. Harding, 107 U. S. 633, 27 L. Ed. 493.

Accordingly, the disposition of the rule is postponed for further hearing at a time to be fixed by the parties with the consent of the court. However, it is ordered and directed that the proceedings be stayed.